UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA MORENO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZUCKERMAN FAMILY FARMS, INC., et al.<br><br>　　　　　Defendants. | No. 2:25-cv-01574-CKD<br><br><br>ORDER |

Pending before the Court is plaintiff Jose Maria Moreno's ex parte application for an order granting leave to conduct removal-based discovery and extending time to file a motion to remand, and defendants Zuckerman – Mandeville, Inc.; Zuckerman Produce, Inc.; Heritage Land Co., Inc.; Zuckerman Heritage, Inc.; and Delta Farms Packing, Inc. ("Non-ZFF defendants") motion to dismiss.[1] (ECF Nos. 5, 7.) Both matters are fully briefed. (ECF Nos. 11-14, 18.) The Court held a hearing on July 29, 2025, at which attorneys Kyle Smith and Jacqueline Antillon appeared via Zoom for plaintiff and the putative class, and attorney Dennis Huie appeared in person for defendants Zuckerman Family Farms, Inc. ("ZFF") and the non-ZFF defendants.

For the reasons set forth below, plaintiff's ex parte application (ECF No. 7) is granted in

---

[1] Following the consent of all parties, this case was reassigned to the Magistrate Judge for all purposes. (ECF No. 4, 8, 10.)

1

part and the Non-ZFF defendants' motion to dismiss is denied without prejudice (ECF No. 5).

**I.  Background**

Plaintiff initiated this wage-and-hour putative class action on July 15, 2024, in the San Joaquin County Superior Court against all defendants. (ECF No. 1-2 at 6.) On September 30, 2024, plaintiff filed a first amended complaint ("FAC"). (ECF No. 1-2 at 71-72.) Plaintiff brings the following claims against defendants:  (1) failure to pay all minimum wages; (2) failure to pay all overtime wages; (3) failure to provide rest periods and pay missed rest period premiums; (4) failure to provide meal periods and pay missed meal period premiums; (5) failure to maintain accurate employment records; (6) failure to pay wages timely during employment; (7) failure to pay all wages earned and unpaid at separation; (8) failure to indemnify all necessary business expenditures; (9) failure to furnish accurate itemized wage statements; (10) violations of California's Unfair Competition law; and (11) penalties pursuant to the Labor Code Private Attorneys General Act of 2004. (Id.) Plaintiff brings this class action on behalf of himself and the following class: "All individuals who are or were employed by Defendants as non-exempt employees in California during the Class Period." (ECF No. 1-2 at 72 ¶ 3.)

On June 5, 2025, defendants removed the action to this Court on the basis that federal subject matter jurisdiction exists pursuant to the Class Action Fairness Act ("CAFA"). (See ECF No. 1 at 3 ¶ 4 (citing 28 U.S.C. § 1332(d)(2), (5)).) Further, defendants state that plaintiff is a citizen of Mexico, and diverse for purposes of removal under the Class Action Fairness Act ("CAFA"). (Id. at 4 ¶ 9-10.) On June 5, Non-ZFF defendants filed a motion to dismiss, which is fully briefed. (ECF Nos. 5, 11, 18.) On June 18, 2025, plaintiff filed an ex parte application seeking leave to conduct "removal-based discovery" and for an extension of time to file a motion to remand. (ECF No. 7.) On June 20, 2025, the Court issued a minute order setting a briefing schedule for the ex parte application. (ECF No. 9.) Defendants filed an opposition (ECF No. 12), plaintiff filed a reply (ECF No. 13), and defendants filed a motion for leave to file a surreply (ECF No. 14).

On July 8, 2025, the Court requested further briefing on whether defendants' notice of removal was untimely (ECF No. 19), and both parties filed briefs (ECF Nos. 22, 23).

**II.     Ex Parte Application (ECF No. 7)**

In plaintiff's ex parte application, plaintiff seeks leave to conduct "removal-based discovery" and an extension of time to file a motion to remand. (ECF No. 7.) Defendant argues that ex parte relief is inappropriate because the remand procedure provides an adequate remedy to plaintiff under 28 U.S.C. § 1447(c). (ECF No. 12 at 3-4.)

As an initial matter, the Court notes that plaintiff's chosen procedure to bring this request for jurisdictional discovery appears unusual. From the Court's review, the typical practice in similar cases seems to be a plaintiff will file a motion to remand and request jurisdictional discovery in the alternative. See, e.g., Miler v. ICON Clinical Research LLC, 2020 WL 4904041, at *5 (N.D. Cal. Aug. 20, 2020); Clayborne v. Chevron Corp., 2020 WL 11563098, at *5 (N.D. Cal. Feb. 5, 2020); Calderon v. Total Wealth Management, Inc., 2015 WL 5916846, at *3-4 (S.D. Cal. Oct. 8, 2015). However, the Court set a briefing schedule and provided defendant with the opportunity to respond to plaintiff's arguments related to discovery and heard the parties in oral argument. Accordingly, the Court will address plaintiff's request for jurisdictional discovery.

**A. Legal Standards**

**1. Class Action Fairness Act**

Under the CAFA, a district court has original jurisdiction where there is diversity between any member of a plaintiff class and any defendant and "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). There must also be at least 100 members in the plaintiff class. Id. § 1332(d)(5)(B). In cases invoking CAFA jurisdiction, there is no presumption in favor of remand, and a plaintiff bears the burden of showing a statutory exception applies and that remand is appropriate. Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007).

A district court *may* "decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff class in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on the consideration" of certain factors. 28 U.S.C. § 1332(d)(3). Further, there are two statutory exceptions to the CAFA where the district court *shall* decline to exercise jurisdiction:

1   the "local controversy" exception and the "home state" exception. Serrano, 478 F.3d at 1024. The
2   "local controversy" exception provides that a court must decline to exercise jurisdiction under
3   CAFA over a class action in which:

> (A)(i)(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
>     (aa) from whom significant relief is sought by members of the plaintiff class;
>     (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>     (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A). This exception is meant to identify and isolate "a controversy that uniquely affects a particular locality and to ensure that [such a controversy] is decided by a state rather than a federal court." Coleman v. Estes Express Lines, Inc., 627 F.3d 1096, 1100 (9th Cir. 2010) (citation omitted). The local controversy exception is meant to be interpreted narrowly, and plaintiff bears the burden of showing the exception applies. Benko v. Quality Loan Serv. Corp., 789 F.3d 1111, 1116 (9th Cir. 2015). The "home-state" controversy exception provides that a court must decline to exercise jurisdiction under the CAFA over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); see Serrano, 478 F.3d at 1024.

Plaintiff seeks jurisdictional discovery to determine the number of proposed class members who are California citizens. (ECF No. 7 at 8.)

### 2. Jurisdictional Discovery

A district court has "broad discretion to permit or deny discovery, . . . and its decision will not be reversed except 'upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quoting Data Disc, Inc. v.

Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). "Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003).

"Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" Butcher's Union Loc. No. 498, 788 F.2d at 540 (citation omitted)). "[A] refusal to grant discovery to establish jurisdiction is not an abuse of discretion when 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" Laub, 342 F.3d at 1093 (citing Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 (9th Cir. 1977)).

Likewise, "jurisdictional discovery may not be allowed if the request amounts to a 'fishing expedition.'" Martindale v. MegaStar Fin. Corp., 2022 WL 1129223, at *3 (E.D. Cal. Apr. 15, 2022) (citation omitted); see also Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) ("The denial of [plaintiff-appellant's] request for discovery, which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion.");

**B. Discussion**

Plaintiff seeks discovery to determine whether the local controversy exception to the CAFA applies. Specifically, plaintiff seeks discovery to determine whether the putative class members are predominately composed of California citizens and exceed the two-thirds minimum or the one-third minimum under the CAFA to warrant remand. (ECF No. 7 at 7-8.) Plaintiff seeks personnel records of the putative class members and copies of the class members' U.S. Citizenship and Immigration Services I-9 forms, which plaintiff believes are exclusively in defendants' possession. (Id. at 8.) Defendants argue that discovery is unnecessary because defendants provided plaintiff an opportunity to review the putative class members' I-9 forms. (Id. at 4.) In reply, plaintiff argues that defendants' offer to view the I-9 forms is inadequate because the offer was not made for the whole class, but only for the class members employed by ZFF alone. (ECF No. 13 at 3.) Plaintiff also states that he needs further discovery besides the I-9 forms to determine the putative class members' domicile, and that the I-9 forms are only helpful to determine residence. (ECF No. 13 at 5-6.)

In the July 30, 2025, hearing, defendants clarified that they are willing to allow plaintiff to view the I-9 forms for all class members employed by all defendants. In response to plaintiff's reply, defendant requested leave to file a sur-reply, arguing that further discovery beyond the I-9 forms is unnecessary.[2] (ECF No. 14 at 5.) Defendants appear to argue plaintiff is attempting to allege that non-United States citizens could be citizens of California for purposes of the local controversy exception to the CAFA. (See id.)

Courts frequently grant requests for jurisdictional discovery to allow parties to determine the number of the putative class members who are citizens of California. See, e.g., Miler, 2020 WL 4904041, at *5; Clayborne, 2020 WL 11563098, at *5; Calderon, 2015 WL 5916846, at *3-4; see also Mondragon v. Capital One Auto Finance, 736 F.3d 880, 886 (9th Cir. 2013) (remanding the case with instructions to allow plaintiff an opportunity to renew his motion to remand and gather evidence regarding citizenship of putative class members); King v. Great Am. Chicken Corp, Inc., 903 F.3d 875, 881 (9th Cir. 2018) (same). Here, plaintiff has demonstrated good cause to conduct limited discovery for the purposes of determining whether the putative class members are citizens of California. Plaintiff seeks documents that he alleges are in the sole possession of defendants. (ECF No. 7 at 8.) Defendants have agreed to allow plaintiff to view I-9 forms for the potential class members from all defendants. It is clear to the Court that discovery is needed to determine whether this Court has jurisdiction under the CAFA.

Accordingly, defendants shall produce to plaintiff I-9 forms for potential class members from all defendant companies, subject to a protective order. The parties shall file a stipulated protective order with the Court, following Local Rule 141.1. Defendant shall have sixty (60) days to produce these documents after the parties' protective order is granted by the Court. If after this limited discovery, plaintiff still believes remand is warranted, plaintiff may file a motion to remand within thirty (30) days from the discovery deadline stated above. If after this limited discovery, plaintiff still believes they do not have enough information regarding citizenship,

---

[2] Defendants requested leave to file a sur-reply to address a new argument raised in plaintiff's reply brief. (ECF No. 14 at 2.) The Court finds good cause to grant defendants' request. See Warren v. City of Chico, 2024 WL 4803960, at *1-2 (E.D. Cal. Nov. 15, 2024). Accordingly, defendants' motion to file a sur-reply is granted.

plaintiff may note this in their motion to remand.[3]

Based on the foregoing, plaintiff's request for an extension of time to file a motion to remand is granted for the limited purpose of conducting jurisdictional discovery.

### III. Motion to Dismiss

The Non-ZFF defendants filed a motion to dismiss on June 12, 2025. (ECF No. 5.) The Court declines to rule on the motion to dismiss until the issue of remand is decided. Accordingly, defendants' motion to dismiss is DENIED without prejudice subject to refiling after the Court decides whether remand is warranted.

### ORDER

For the above reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for leave to conduct jurisdictional discovery and for an extension of time to file a motion to remand (ECF No. 7) is GRANTED IN PART;
    a. Within 7 days the parties shall submit a stipulated protective order to the Court pursuant to Local Rule 141.1;
    b. Defendants shall have 60 days from the date the protective order is granted by the Court to produce I-9 forms for potential class members from all defendant companies, subject to the protective order;
    c. Once the limited discovery is complete, plaintiff may file a motion to remand within thirty (30) days; and;
2. Defendants' motion to dismiss (ECF No. 5) is DENIED without prejudice.

Dated: August 4, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, more.1574.25

---

[3] The Court notes that during the hearing, defendants stated that if the I-9 forms did not meet what they pled in the notice of removal regarding citizenship of the class they would stipulate to remand.

7