**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
Kyle D. Smith (SBN 280489)
ks@melmedlaw.com
Jaqueline Antillón (SBN 358092)
ja@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828
Fax: (310) 862-6851

Attorneys for Plaintiff, the Putative Class, and the Aggrieved Employees

(*Additional Counsel on Following Page*)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA MORENO, an individual, on behalf of himself, the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ZUCKERMAN FAMILY FARMS, INC., a California Corporation; ZUCKERMAN - MANDEVILLE, INC, a California Corporation; ZUCKERMAN PRODUCE, INC., a California Corporation; HERITAGE LAND CO., INC., a California Corporation; ZUCKERMAN-HERITAGE, INC., a California Corporation; DELTA FARMS PACKING, INC., a California Corporation; and DOES 1 TO 50,<br><br>　　Defendants. | Case Number: 2:25-cv-01574-CKD<br><br>**Stipulation and Protective Order Regarding Production of U.S. Citizenship and Immigration Services I-9 Forms**<br><br>*WITH MODIFICATIONS BY THE COURT*<br><br>[*Assigned for all purposes to the Honorable Carolyn K. Delaney*]<br><br>Complaint Filed:　July 15, 2024<br>Removal Filed:　　June 5, 2025<br>Trial Date:　　　　None |

**ROGERS JOSEPH O'DONNELL**
Dennis C. Huie (SBN 184377)
dhuie@rjo.com
Whitney R. Miner (SBN 290825)
wminer@rjo.com
Crystal J. Yu (SBN 359647)
cyu@rjo.com
311 California Street, 10th Floor 1801
San Francisco, California 94104
Phone: (415) 956-2828
Fax: (415) 956-6457

Attorneys for Defendants Zuckerman Family Farms, Inc., Zuckerman-Mandeville, Inc., Zuckerman Produce, Inc., Heritage Land Co., Inc., Zuckerman-Heritage, Inc., and Delta Farms Packing, Inc.

**STIPULATION AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED** by and between Plaintiff Jose Maria Moreno ("Plaintiff") and Defendants Zuckerman Family Farms, Inc., Zuckerman-Mandeville, Inc., Zuckerman Produce, Inc., Heritage Land Co., Inc., Zuckerman-Heritage, Inc., and Delta Farms Packing, Inc. (collectively, "Defendants" or any singular defendant shall be referred to as "Defendant") (together "Parties"), by and through their respective counsel of record, that Defendants will produce the U.S. Citizenship and Immigration Services I-9 forms (the "I-9 Forms") for all individuals who are or were employed by any or all of Defendants as non-exempt employees in California during the period from July 15, 2020, through June 5, 2025 for the sole purpose of determining the citizenship of the putative class in assessing whether the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act. The Parties understand and agree that the I-9 Forms may contain sensitive information and may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights. Accordingly, the Parties stipulate that the I-9 Forms will be produced subject to the following conditions and accompanying proposed protective order:

**I.   PURPOSE AND SCOPE**

The purpose of this Stipulation and Protective Order Regarding Production of U.S. Citizenship and Immigration Services I-9 Forms ("Stipulation and Protective Order") is to protect the privacy interests and confidential information of those individuals whose employment documentation, specifically the I-9 Forms, is produced in response to the Court's order dated August 4, 2025 (ECF No. 27). The I-9 Forms contain sensitive personal information including but not limited to the immigration status of putative class members that must be shielded from unnecessary disclosure. The protections conferred by this Stipulation and Order cover not only the I-9 Forms, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal information obtained from the I-9 Forms (collectively, "Protected Material").

**II.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants agree otherwise in writing or a court order otherwise

directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### III.   DESIGNATION OF CONFIDENTIAL INFORMATION

The I-9 Forms shall automatically be designated as "Confidential Information" without the need for further action on behalf of any of the Parties. Defendants may, but are not required to, label the I-9 Forms with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that does not cover or otherwise obstruct the legibility of the documents. Defendants may also affix a Bates number to the I-9 Forms in a manner that does not cover or otherwise obstruct the legibility of the documents. The I-9 Forms shall not otherwise be altered by Defendants.

### IV.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Plaintiff's counsel learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiff's counsel must immediately (a) notify in writing Defendants of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### V.   LIMITATIONS ON DISCLOSURE

The Protected Information shall not be disclosed to any person or entity except:

(1)   The Court and its personnel;

(2)   Counsel of record and the attorneys and staff at their firms to whom it is reasonably necessary to disclose the information for Plaintiff to address jurisdiction under the Class Action Fairness Act; and

(3)   Experts or consultants retained for purposes of jurisdictional analysis, provided they agree in writing to be bound by this Protective Order.

## VI. USE OF PROTECTED MATERIALS

The Protected Material shall be used for the sole purpose of determining the citizenship of the putative class to ascertain whether the Court has subject matter jurisdiction under the Class Action Fairness Act. They shall not be used for any other purpose either within this litigation or in any other proceeding. When the court issues a ruling on a motion to remand or if Plaintiff does not file a motion to remand within the deadline for filing such motion as set by the Court, Plaintiff must comply with the provisions of Section XI below (FINAL DISPOSITION).

## VII. ACCESS OF PROTECTED MATERIAL

Plaintiff's counsel shall take all reasonable steps to prevent their unauthorized disclosure, duplication, or use. All I-9 Forms produced subject to this Stipulation and Protective Order shall be stored in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Protective Order. Any filings that contain or refer to such information shall be filed under seal in compliance with Local Rule 141.

## VIII. MODIFICATION

This Stipulation and Protective Order may be modified by the Court or by stipulation of the parties with Court approval.

## IX. MISCELLANEOUS

Any party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy on the other Parties to this Stipulation and Protective Order.

If any person subject to this Stipulation and Protective Order who has custody of any Protected Material receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for Defendants, and shall furnish such counsel with a copy of the Subpoena. The recipient of the Subpoena shall also promptly notify in writing the party who caused the subpoena or

order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order. If Defendant timely seeks a protective order, the Party served with the Subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the person has obtained the Defendants' permission. Defendants shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Without written permission from Defendants or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.

## X.  ENFORCEMENT

The Court shall retain jurisdiction to enforce the terms of this Stipulation and Protective Order.

This Stipulation and Protective Order shall continue to be binding after the conclusion of this action and all subsequent proceedings arising from this action, except that a party may seek the written permission of Defendants or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the action is terminated.

After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.

## XI.  FINAL DISPOSITION

Once the Court rules on a motion to remand or if Plaintiff does not file a motion to remand within the deadline as set by the Court, the Protected Material must be returned to Defendants within ten (10) calendar days of such event occurring. For the purposes of returning the Protected Material, the Protected Material includes all copies and any other format reproducing or capturing any of the Protected Material. Protected material protected by the attorney work product privilege—including, but not limited to: abstracts, expert reports, charts, compilations, summaries, emails, phone call logs, letters, or notes—need not be provided to Defendants but instead any document or information which Plaintiff's counsel contends is protected by attorney work product privilege shall be identified on a

privilege log with sufficient detail to allow Defendants to determine whether such material are indeed protected by attorney work product privilege. Defendants shall have five days after receipt of the privilege log to dispute which such materials are covered by the work product privilege by notifying Plaintiff's counsel of such dispute. If the parties are unable to resolve such dispute, Defendants' counsel may move the court for an order compelling the production of such materials to Defendants. Plaintiff's counsel shall produce, but not destroy (unless otherwise ordered by the Court), any Protected Material covered by the attorney work product within ten (10) days after the Court determines such materials are not covered by the attorney work product privilege.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 11, 2025                    **MELMED LAW GROUP P.C.**

                                          /s/ Kyle D. Smith
                                          **KYLE D. SMITH**
                                          Attorneys for Plaintiff Jose Maria Moreno

Dated: August 11, 2025                    **ROGERS JOSEPH O'DONNELL**

                                          /s/ Dennis C. Huie
                                          **DENNIS C. HUIE**
                                          Attorneys for Defendants Zuckerman Family Farms, Inc., Zuckerman-Mandeville, Inc., Zuckerman Produce, Inc., Heritage Land Co., Inc., Zuckerman-Heritage, Inc., and Delta Farms Packing, Inc.

**ORDER**

The Court has reviewed the parties' stipulated protective order. (ECF No. 28.) The stipulation comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1. The Court APPROVES the protective order, subject to the following clarifications. The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see also, e.g.*, *MD Helicopters, Inc. v. Aerometals, Inc.*, 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Further, this Stipulated Protective Order does not entitle a party to file confidential information under seal. Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. If a party's request to file confidential material under seal is denied by the Court, then the party may file the information in the public record unless otherwise instructed by the Court.

Dated: 08/13/25

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, more.1574.25

**EXHIBIT A**
**CERTIFICATION REGARDING DISCLOSURE OF I-9 FORMS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive confidential I-9 Forms supplied in connection with the Proceeding, *Moreno v. Zuckerman Family Farms, Inc. et al*, Case No. 2:25-cv-01574-CKD. I certify that I understand that the I-9 Forms are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the I-9 Forms, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this action, any I-9 Forms obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the action.

I further understand that I am to retain all copies of all I-9 Forms provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this action, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this \_\_\_\_\_ day of _____, 20\_\_, at _____.

DATED:_____   BY:   _____
                                            Signature

                                            _____
                                            Title

                                            _____
                                            Address

                                            _____
                                            City, State, Zip

                                            _____
                                            Telephone Number