UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA MORENO,<br><br>                  Plaintiff,<br><br>    v.<br><br>ZUCKERMAN FAMILY FARMS, INC.,<br>ET AL.,<br><br>                  Defendant. | Case No. 2:25-cv-01574-CKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AS MOOT AND GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITHOUT PREJUDICE<br><br>(ECF Nos. 31, 33) |

Pending before the Court is Plaintiff Jose Moreno's motion for leave to file Second Amended Complaint ("SAC") and Defendants Zuckerman Family Farms, Inc., Zuckerman-Mandeville, Inc., Zuckerman Produce, Inc., Heritage Land Co., Inc., Zuckerman Heritage, Inc., Delta Farms Packaging, Inc., and Does 1 to 50's motion to dismiss the First Amended Complaint ("FAC"). [1] (ECF Nos. 31, 33.) Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the February 4, 2026, hearing.

For the reasons that follow, the Court GRANTS Defendants' motion to dismiss with leave to amend and DENIES Plaintiff's application for leave to file the Second Amended Complaint as moot.

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 4, 8, 10.)

1

I.    BACKGROUND

A.    Factual Allegations[2]

Plaintiff Jose Maria Moreno brings a putative class action lawsuit against Defendants Zuckerman Family Farms, Zuckerman-Mandeville, Inc., Zuckerman Produce, Inc., Heritage Land Co., Inc., Zuckerman Heritage, Inc., Delta Farms Packaging, Inc., and Does 1-50. FAC at ¶ 1. Plaintiff brings this action on behalf of himself and "individuals who are or were employed by Defendants as non-exempt employees in California during the class period." *Id*. at ¶ 2. Plaintiff, on behalf of himself and the Class Members, bring forth the following allegations: "failure to pay all minimum wages; failure to pay overtime wages; failure to provide rest periods and pay missed rest period premiums; failure to provide meal periods and pay missed meal period premiums; failure to maintain accurate employment records; failure to pay wages timely during employment; failure to pay all wages earned and unpaid at separation; failure to indemnify all necessary business expenditures; failure to furnish all accurate itemized wage statements; and violations of California's Unfair Competition Law (Bus. & Prof Code §§ 17200-17210). *Id*. at ¶ 4.

B.    Procedural Posture

On July 15, 2024, Plaintiff filed a putative class action in San Joaquin County Superior Court against Defendants. Defs. Notice of Removal at 2. On September 30, 2024, Plaintiff filed a FAC which added a cause of action under the Private Attorney General Act of 2004, Labor Code § 2698 *et seq.* but maintained the definition of the putative class from the original complaint. *Id*.

On June 6, 2025, Defendants filed a notice of removal from State Court. Defendants filed a motion to dismiss the FAC on June 12, 2025. (ECF No. 1). Prior to removal, Defendant Zuckerman Family Farms ("ZFF") filed an answer in the Superior Court of San Joaquin County. Defs. Mot. to Dismiss at 1 n. 1. Plaintiff then filed an ex parte application for leave to conduct removal-based discovery and extending Plaintiff's time to file a motion for remand on June 18, 2025. (ECF No. 7). On June 23, 2025, a consent order was signed by Chief Judge Troy L. Nunley

---

[2] These facts primarily derive from the FAC (ECF No. 1-2), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

authorizing the action to proceed before the undersigned. (ECF No. 9). On June 25, 2025, Plaintiff filed an opposition to the motion to dismiss with a hearing set for July 30, 2025. (ECF No. 11). On June 27, 2025, Defendants filed an objection to the ex parte application. (ECF No. 12). On July 1, 2025, Plaintiff filed a reply in support of the ex parte application. (ECF No. 13). On July 3, 2025, Defendants filed a motion for leave to file surreply to Plaintiff's ex parte application. (ECF No. 14). Also on July 3, the Court issued a minute order granting Plaintiff limited extension of time to respond to Defendants' notice of removal. (ECF No. 15).

On July 7, 2025, Defendants filed a reply in support of their motion to dismiss. (ECF No. 18). On July 8, 2025, the Court issued a minute order ordering the parties to submit simultaneous briefing on whether Defendants' notice of removal of the case was untimely within 14 days. (ECF No. 19). On July 15, Plaintiff filed a response to the Court's order. (ECF No. 22). On July 22, 2025, Defendants filed a brief demonstrating removal was timely filed by Defendant Zuckerman Family Farms, Inc. (ECF N. 23). On July 30, 2025, the hearing on the pending motion to dismiss was held, with counsel Kyle Smith and Jaqueline Antillon present for Plaintiff via Zoom, and counsel Dennis Huie for Defendants present in person. (ECF No. 26).

On August 4, 2025, the Court granted the ex parte application for leave to conduct jurisdictional discovery and for an extension of time to file a motion to remand in part, directing parties to submit a stipulated protective order within seven days and denying Defendants' motion to dismiss without prejudice. (ECF No. 27). On August 8, 2025, the parties filed a stipulation and protective order regarding production of U.S. Customs and Immigration Services I-9 forms by Plaintiff Jose Maria Moreno. (ECF No. 28). The stipulation was signed by the Court on August 14, 2025. (ECF No. 29).

On November 13, 2025, Plaintiff filed a notice of election not to file for remand. (ECF No. 30). Simultaneously, Plaintiff filed a motion for leave to file a SAC. (ECF No. 31). On November 21, 2025, Defendants filed a Motion to Dismiss the FAC, with a hearing scheduled for January 21, 2026. (ECF No. 33). On November 26, 2025, Defendants filed an opposition to Plaintiff's motion for leave. (ECF No. 34). On December 5, 2025, Plaintiff filed an opposition to Defendants' motion to dismiss. (ECF No. 35). Plaintiff also filed a reply to Defendants'

opposition to the motion for leave on December 5. (ECF No. 36). On December 15, 2025, Defendants filed a reply to Plaintiff's opposition to the motion to dismiss. (ECF No. 37).

On January 15, 2026, the Court postponed the hearing on Plaintiff's motion for leave and Defendants' motion to dismiss to February 4, 2026. (ECF No. 38). On February 2, 2026, the Court vacated the hearing on Plaintiff's motion for leave and Defendants' motion to dismiss and ordered the matters submitted without argument pursuant to Local Rule 230(g). (ECF No. 39).

## II.    LEGAL STANDARDS

### A.    Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

## III.    DISCUSSION

All Defendants excluding ZFF move to dismiss the First Amended Complaint for failure to state a claim, arguing that Plaintiff's FAC fails to allege plausible facts to support his argument that the Non-ZFF Defendants were his joint employers, and that Plaintiff's allegations regarding agency, joint employer liability, agency, alter ego, and common enterprise arguments are insufficient as a matter of law and conclusory. Def. Mot. to Dismiss at 5, 7. The Court will address these arguments in turn.

### A.  Joint Employer Liability Allegations under the IWC Definition

To be liable for violations of the California Labor Code, the plaintiff must establish that the opposing party is their employer. *See Smith v. 9W Halo Western OpCo L.P.*, 2023 WL 304783 at *3 (N.D. April 20, 2023). California courts rely on the definition of employer provided in the

4

California Industrial Welfare Commission's ("IWC") wage orders to determine whether an employment relationship exists. *Rodriguez v. SGLC, Inc*., 2012 WL 5704403, at *12 (E.D. Cal. Nov. 15, 2012). Wage orders are promulgations "governing wages, hours, and working conditions in California." *Id*.

The IWC uses the standard in *Martinez v. Combs*, where one of the three following alternative definitions creates an employment relationship: "(a) [to] exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship." 49 Cal.4th 35, 64 (2010). To adequately plead an employment relationship, plaintiffs "must allege some specific facts such as whether 'defendant pays employee's salary and taxes, owns the equipment necessary for the employee to perform his job, has authority to hire, train, fire, or discipline the employee, or has discretion to set the employee's salary.'" *Ontiveros v. Zamora*, 2009 WL 425962, at *6 (E.D. Cal. Feb. 20, 2009).

Defendants argue that Plaintiff's pleadings regarding the Non-ZFF Defendants fail to state a claim for relief under the California Labor Code. Defs. Mot. to Dismiss at 5. The Court agrees. Plaintiff's allegations against the Non-ZFF Defendants include brief mentions that they were his legal employer. FAC ¶¶ 17, 20. There are no additional facts to support this conclusion. Defs. Mot. to Dismiss at 6. Even though Plaintiff identifies additional allegations in his complaint that appear to establish the control required under *Martinez*, they are not facts. Pl. Opp. at 6 ("Plaintiff described his job title and the duties he performed for defendants… Plaintiff specified that these duties were performed under the supervision of Defendants… Plaintiff alleged he was 'subject to the control of Defendants.'"). Under Federal Rule of Civil Procedure 8, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of further 'factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has failed to state a claim under California Labor Law that Defendants were his employers. These claims are dismissed with leave to amend to the extent that Plaintiff can satisfy any of elements of the IWC standard.

### B. Alter Ego

The alter ego theory of liability is used when a "plaintiff comes into court claiming that an

5

opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp 1101, 1115 (C.D. Cal. 2003). Such unjust use of the corporate form includes use of the corporation to perpetuate a fraud, "… to circumvent a statute, or accomplish some other wrongful or inequitable purpose." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App.4th 523, 538 (5th Dist. 2000). Accordingly, the plaintiff may "pierce the corporate veil" and disregard the corporate form as a legal entity to hold the equitable ownership of a corporation liable for the actions of the corporation. *Id.* To do so, the plaintiff must plead the following elements: that there is "such a unity of interest and ownership between the corporation and equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist," and "… an inequitable result if the acts in question are treated as those of the corporation alone." *Id*. A California court has found that a determination of alter ego liability does not create joint employer liability, rather it holds the alter ego liable for the obligations of the corporation. *Leek v. Cooper*, 194 Cal.App.4th 399, 409 (3rd Dist. 2011).

Here, it is not clear to the Court why Plaintiff is using the alter ego theory to establish joint employment liability. Plaintiff does not cite to any authority when arguing that joint employer liability may arise if an employer is the alter ego of the primary employer. Pl. Opp. at 5. Indeed, a California court has contradicted this assertion. *See Leek* 194 Cal.App.4th at 409.

The FAC alleges that each Defendant is "the alter ego of one another" and that the "individuality and separateness of each of them has ceased." FAC ¶ 21. However, these pleadings do not contain any factual allegations that Defendants were abusing the corporate form to perpetuate a fraud, circumvent a statute, or accomplish some other wrongdoing. *Sonora Diamond Corp.*, 83 Cal. App.4th, at 538. Critically, these pleadings are absent allegations that an inequitable result would occur if the corporate veil is not pierced. *Id*.  Plaintiffs have failed to adequately plead alter ego liability. This claim is dismissed with leave to amend to the extent that Plaintiff can show any injury related to alter ego liability.

### C. Allegations relating to Agency, Joint Venture, Partnership, or Common Enterprise

Plaintiff also alleges that Defendants were "agents… of each and every one of the other

6

Defendants," and that each were "engaged in a joint venture, partnership, and common enterprise, and acting within the scope of said joint venture, partnership and common enterprise." FAC at ¶¶ 20, 22. As stated above, "naked assertions devoid of further factual enhancement" are not sufficient to clear the standard of Federal Rule of Civil Procedure 8. *Iqbal*, 556 U.S. at 678. These allegations are conclusory and contain no facts demonstrating that Defendants were in such a relationship. These claims are dismissed with leave to amend to the extent that Plaintiff can show further factual enhancement.

### D.  Plaintiff's Motion for leave to file the SAC

Plaintiff moves for leave to file the SAC. (ECF No. 31). Defendants filed an opposition to the motion to leave, and Plaintiffs have replied. (ECF Nos. 34, 36). Plaintiff's motion does not cure the defects highlighted in this order to dismiss. Plaintiff does not amend paragraphs 17, 20, or 21. Pl Mot. for Leave Ex. B at ¶¶ 17, 20-21. Instead, Plaintiff adds eight paragraphs to bolster his joint liability and alter ego theories of liability. *See* Pl Mot. for Leave Ex. B at ¶¶ 22-29. While these paragraphs add more factual detail to each of the co-Defendants and their relationship to Plaintiff, they fail to demonstrate that each co-Defendant had control over Plaintiff to satisfy the *Martinez* test. 49 Cal.4th at 64. Plaintiff also fails to create a proper cause of action under an alter ego theory of liability by including allegations that an inequitable result would occur if the corporate veil were not pierced. *Sonora Diamond Corp.*, 83 Cal. App.4th, at 538. Therefore, Plaintiff's motion for leave to file the SAC is denied as moot.

### E.  Requests for Judicial Notice

Before the Court are two requests for judicial notice. Defendants request judicial notice of the FAC in their motion to dismiss. (ECF No. 33-2). Plaintiffs request judicial notice of several Statements of Information filed with the California Secretary of State. (ECF No. 35-1). The Court will address these requests in turn.

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). In taking judicial notice, the

7

court may do so on its own or may take judicial notice if "the party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b). Here, Defendants request the Court judicially notice the FAC. Def. Mot. to Dismiss Ex. A. In Defendants' notice of removal, the FAC is included as an exhibit. (ECF No. 1-2). Since the FAC is already on record as part of Defendants' notice of removal, the Court denies Defendants' request for judicial notice as moot.

Plaintiffs request judicial notice of six Statements of Information pertaining to each Non-ZFF co-Defendant. Pl Opp. at 2. As stated in Plaintiff's opposition, Plaintiff intends to use these documents in his SAC to establish that "each of the six named defendants operated together for the purposes of their businesses and for the purposes of Plaintiff's employment, with complete disregard for their separate entities," and to argue that the entities exercised control over Plaintiff. Pl. Opp. at 3. Because the Court has already denied leave for Plaintiff to file his proposed SAC as moot, these exhibits are not facts of consequence in determining the action and are irrelevant. Fed. R. Evid. 401(b). Therefore, the Court denies the Plaintiff's request for judicial notice as moot.

### F. Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected. *Id*. at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) Here, Plaintiff will be granted an opportunity to amend the complaint.

If Plaintiff chooses to amend the complaint, Plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, Plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's rights. *See Ellis v. Cassidy,* 625 F.2d 227 (9th Cir. 1980).

In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375

F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.   Defendants' motion to dismiss the FAC (ECF No. 33) is GRANTED with leave to amend; and

2.   Plaintiff's motion for leave to file a SAC (ECF No. 31) is DENIED as moot; and

3.   Defendants' request for judicial notice (ECF No. 33-2) is DENIED as moot;

4.   Plaintiff's request for judicial notice (ECF No. 35-1) is DENIED as moot.

5.   Plaintiff shall file any amended complaint labeled "Second Amended Complaint," no later than thirty (30) days from the date of this order.

Dated:  February 6, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, moren.1574